UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., as successor by merger to BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br>v.<br><br>HIGHLAND RANCH HOMEOWNERS ASSOCIATION; LVDG LLC SERIES 141 a/k/a LVDG SERIES 141; THUNDER PROPERTIES, INC.; ALESSI & KOENIG, LLC,<br><br>Defendants. | Case No. 3:16-cv-00154-MMD-CBC<br><br>ORDER |

**I.     SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff Bank of America, N.A.'s ("BANA") motion for partial summary judgment (ECF No. 60). The Court has reviewed Defendant Highland Ranch Homeowners Association's ("HOA") response (ECF No. 64) as well as Defendants LVDG LLC Series 141 ("LVDG") and Thunder Properties, Inc.'s ("Thunder") (collectively, "Purchasers") response (ECF No. 65). The Court has also reviewed BANA's reply (ECF No. 68). Because the Court agrees with BANA that it properly tendered the superpriority amount, the Court grants BANA's motion for partial summary judgment.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise indicated.

Charles and Tereza Van Horn ("Borrowers") purchased real property ("Property") within the HOA with a $203,000 loan ("Loan") from CTX Mortgage Company, LLC in 2008. (ECF No. 60-1 at 2-16.) The Loan was secured by a first deed of trust ("DOT"). (*See id.*)

The DOT names Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary. (*Id.* at 3.) MERS assigned the DOT to BANA in 2011. (ECF No. 60-3 at 2.)

The Borrowers failed to pay HOA assessments, and the HOA recorded the following notices through its agent, Alessi & Koenig, LLC ("Alessi"): (1) notice of delinquent assessment lien on September 11, 2012 (ECF No. 60-4 at 2-3); and (2) notice of default and election to sell on November 30, 2012 (ECF No. 60-5 at 2-3).

BANA's agent (the law firm of Miles, Bauer, Bergstrom & Winters, LLP ("Miles Bauer")) asked Alessi to identify the superpriority amount of the HOA lien in a letter dated January 13, 2013. (ECF No. 60-6 at 6-7.) Alessi provided a statement of account in response. (*Id.* at 9-11.) The statement reflected that the Borrowers owed $66 quarterly assessments and did not indicate that they owed any maintenance or nuisance abatement charges.[1] (*Id.*; *see also* ECF No. 60 at 3.) Based on the ledger Alessi provided, BANA calculated the superpriority amount as $198 (the total of nine months of assessments) and tendered that amount to Alessi in April 2013. (ECF No. 60-6 at 13-15.) BANA contends that Alessi refused BANA's tender (ECF No. 60 at 4), and Defendants do not dispute this assertion (ECF No. 65 at 11 ("Upon receipt of MBBW's correspondence . . . and the associated check, HOA Trustee refused to accept the same."); ECF No. 64 at 4 ("BANA acknowledges prior notice of the Association's sale in its Complaint, which is consistent with the tender prior to sale by BANA's then-counsel.")).

The HOA proceeded with the foreclosure sale ("HOA Sale") after rejecting BANA's tender. The HOA recorded a notice of sale in June 2013 though Alessi. (ECF No. 60-9 at 2-3.) The HOA sold the Property to LVDG on October 24, 2013, for $3,986. (ECF No. 60-10 at 2.) LVDG transferred the property to Thunder in July 2015. (ECF No. 60-12 at 2-3.)

///

///

---

[1]The Purchasers contend that BANA has failed to produce sufficient evidence of the absence of maintenance and nuisance abatement charges. (ECF No. 65 at 13.) The Court addresses this contention *infra* Section IV.

| | |
|---|---|
| 1 | BANA asserts the following claims in its Complaint: (1) quiet title/declaratory |
| 2 | judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and |
| 3 | Alessi; (3) wrongful foreclosure against HOA and Alessi; and (4) injunctive relief against |
| 4 | Thunder. (ECF No. 1 at 7-16.) In the prayer for relief, BANA primarily requests an order |
| 5 | declaring the Purchasers took the Property subject to BANA's DOT. (*Id.* at 16.) |

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must

produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

BANA argues that it is entitled to summary judgment because, among other things, its tender extinguished the HOA's lien. (ECF No. 60 at 5-8.) The Court agrees that BANA properly tendered the superpriority amount and declines to address the parties' remaining arguments.[2]

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117. It reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, No. 73785, 2019 WL 1087513, at *1 (Nev. Mar. 7, 2019).

The Purchasers argue that BANA's letter accompanying the check for the superpriority amount was impermissibly conditional, that the HOA rejected the tender based on a good faith belief that more was owed, and that BANA failed to keep its tender good. (ECF No. 65 at 12, 14-16.) These arguments were rejected by the Nevada Supreme

---

[2]The HOA takes no position on the effect of the HOA Sale on the DOT. (ECF No. 64 at 3.)

4

Court in *Bank of America*, 427 P.3d at 118-119. And the reasons for rejecting the offer do not figure into the Court's analysis. The fact of rejection, coupled with an offer to pay the superpriority amount, is sufficient to discharge the superpriority portion of the HOA's lien. *See Thomas Jessup*, 2019 WL 1087513, at *1.

The Purchasers also argue that BANA has failed to demonstrate the absence of nuisance and maintenance abatement charges but offer no evidence of nuisance and maintenance abatement charges themselves. (ECF No. 65 at 13.) The Purchasers' mere conjecture that the lien may have included nuisance and abatement charges (that were entirely omitted from the statement of account Alessi sent (*see* ECF No. 60-6 at 9-11)) is insufficient to create a genuine issue of material fact to preclude summary judgment.

The Purchasers further argue that the equities favor the Court finding that the DOT was extinguished (ECF No. 65 at 16), but the Court is bound by the Nevada Supreme Court's interpretation of Nevada law, which establishes that "[a] valid tender of payment operates to discharge a lien or cure a default." *Bank of America*, 427 P.3d at 117.

In sum, the Court finds that BANA has demonstrated entitlement to summary judgment on its first claim for relief. In the Complaint, Plaintiff primarily requests a declaration that its DOT survived the HOA Sale. (*See* ECF No. 1 at 16.) Given that BANA has received the relief it requested, the Court dismisses BANA's remaining claims as moot.[3]

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BANA's motion for partial summary judgment (ECF No. 60) is granted as to BANA's first claim for relief. The Court declares that BANA's DOT

---

[3]This is also consistent with the HOA's request in its response. (*See* ECF No. 64 at 3.)

survived the HOA Sale and continues to encumber the Property. BANA's remaining claims are dismissed as moot.

It is further ordered that the Clerk of Court enter judgment in favor of BANA on its first claim for relief in accordance with this order and close this case.

DATED THIS 13th day of March 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE